IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02215-PAB-MEH

TAMMY BURGE and
CHESTER BURGE,

    Plaintiffs,

v.

SUNRISE MEDICAL (US) LLC,
SUNRISE MEDICAL HHG, INC., d/b/a Sunrise Mobility Inc.,
SOVEREIGN BOREALIS S, LLC, and
SOVEREIGN BOREALIS H, LLC,

    Defendants.

---

# ORDER
---

This matter is before the Court on a Motion for Remand [Docket No. 29] filed by plaintiffs Tammy and Chester Burge. This motion is fully briefed and ripe for disposition.

## I. BACKGROUND

Plaintiffs, citizens of Colorado, filed this action in the District Court of Boulder County, Colorado. Docket No. 1 at 1. On August 16, 2013, defendants filed a Notice of Removal claiming that this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *Id.* at 3. The Court entered an Order to Show Cause directing defendants to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Docket No. 11 at 4-5.

Defendants Sunrise Medical (US) LLC and Sunrise Medical HHG, Inc.

responded by providing assertions concerning the citizenship of defendant limited liability companies ("LLCs").[1]  Specifically, defendants asserted that defendant Sovereign Borealis H, LLC and Sovereign Borealis S, LLC's sole member is Sovereign Borealis, LLC.  Docket No. 15 at 2.  Sovereign Borealis, LLC's sole member is SCTIC, LLC, whose sole member is Sovereign Capital Holdings, LLC.  *Id.*  Sovereign Capital Holdings, LLC's sole member is Sovereign Capital Management Holdings, LLC, whose sole member is Todd Mikles, a resident and citizen of California.  *Id.*  Defendants further asserted that defendant Sunrise Medical (US) LLC's ("Sunrise") sole member is Apollo BidCo S.A.R.L. ("Apollo") – an entity incorporated in Luxembourg.  Docket No. 12 at 2-3.  The Court discharged the Order to Show Cause.  Docket No. 16.  Plaintiffs' Motion to Remand challenges the citizenship of Sunrise, arguing that its only member, Apollo, is a S.A.R.L.,[2] which should be considered an LLC for jurisdictional purposes and, as a result, that defendants have failed to adequately allege the citizenship of Apollo's members.  Docket No. 29 at 6.  Defendants challenge plaintiffs' characterization of a S.A.R.L. as an LLC.  Docket No. 35 at 5.

## II. ANALYSIS

"The district courts shall have original jurisdiction of all civil actions where the

---

[1]Because only Sunrise Medical (US) LLC and Sunrise Medical HHG, Inc. filed a response to the present motion, all references to "defendants" in this Order, unless otherwise indicated, are to Sunrise Medical (US) LLC and Sunrise Medical HHG.

[2]A Société à Responsabilité Limitée, or S.A.R.L., under Luxembourg law is a limited liability company where the number of partners is limited to 40, partners' liability is limited to the amount of their investment, and the entity is run by one or multiple managers who need not be partners.  Bonn Schmitt Steichen, *Luxembourg Law Digest* LUX - 2 (2007) [Docket No. 29-1 at 4].

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [and] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ." 28 U.S.C. 1332(a). In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Further, where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of a remand. *Martin*, 251 F.3d at 1290.

While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), these considerations are irrelevant to the determination of an LLC's citizenship. Although the

Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus in this District and throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009) (listing cases).

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC*, 2009 WL 2055206, at *2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."). This principle holds true for domestic LLCs with foreign members. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (finding that domestic LLC had the citizenship of its foreign members).

Because Sunrise is an LLC, it is defendants' burden to show the citizenship of Apollo, Sunrise's sole member. The parties disagree as to how a S.A.R.L. should be

viewed for the purposes of diversity jurisdiction.  As defendants correctly point out, no binding authority exists on this issue.  *See, e.g.*, *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010) ("no controlling precedent exists regarding how to determine the citizenship of a French S.A.R.L. for diversity-jurisdiction purposes").  However, the Court need not resolve this issue because defendants have failed to show Apollo's citizenship regardless of whether Apollo is considered a corporation or an LLC.  *Compare Indus. Fuel Co., Inc. v. Invista S.A.R.L., LLC*, 2008 WL 619189, at *3 (W.D.N.C. Feb 5, 2008) (alternatively applying corporation and LLC analysis to determine citizenship of a S.A.R.L.).

### A.  Jurisdictional Analysis – Corporation

Defendants assert that Apollo is incorporated in Luxembourg.  Docket No. 35 at 5; Docket No. 35-1 at 2.  Thus, assuming that Apollo is a corporation for jurisdictional purposes, defendants must adequately demonstrate where Apollo's principal place of business is located.  *See* § 1332(c)(1).

"We draw no distinction between corporations incorporated in a state of the United States and those incorporated in a foreign country when determining the corporation's citizenship for purposes of diversity jurisdiction."  *Nike, Inc v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).  A corporation's principal place of business is the place where "a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (adopting "nerve center" test for determining a corporation's principal place of business).  Normally this is the corporation's headquarters, "provided that the

headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id.*

Defendants' response brief and the attached affidavit of Sunrise Vice President Peter Whittle state that Apollo "has its principal place of business at 65 Boulevard Grande-Duchesse, Charlotte, Luxembourg L-1331." Docket No. 35 at 5; Docket No. 35-1 at 2. Identification of an address, however, does not indicate that Apollo's officers direct and control the corporation's activities from that location. *See Spencer v. Pocono Int'l Raceway, Inc.*, 2012 WL 2050168, at *2 (M.D. Pa. June 6, 2012) ("a P.O. box may not serve as a principal place of business"). Defendants assert that Apollo "does not have any shareholders or managers that are citizens of Colorado, its principal place of business is in Luxembourg, its managers are domiciled in Luxembourg, and it is not licensed to conduct business in Colorado." Docket No. 35 at 5. The fact that Apollo's managers are domiciled in Luxembourg does not, by itself, establish Luxembourg as Apollo's nerve center. *See Hertz*, 559 U.S. at 93 ("nerve center" is not a place where a corporation simply holds its board meetings). Finally, stating that Apollo is not licensed to conduct business in Colorado is insufficient given that removing defendants must affirmatively establish jurisdictional facts. *Martin*, 251 F.3d at 1290. A removing defendant may not invoke the Court's jurisdiction by negative inference. *See Meyn Am., LLC v. Omtron USA LLC*, 856 F. Supp. 2d 728, 733 (M.D.N.C. 2012) (finding defendant LLC's notice of removal deficient where notice stated only that LLC's sole member "is a foreign corporation with a principal place of business in Cyprus; it is not a resident of North Carolina").

When an action is removed on the basis of diversity, a court must be certain that the requirements of § 1332 are met. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988); *see Martin*, 251 F.3d at 1290 (holding that defendant's claim regarding amount in controversy does not enjoy the same presumption of accuracy as the plaintiff's original allegations). Accordingly, because defendants have not provided sufficient factual support for their claim that Luxembourg is Apollo's principal place of business, the Court resolves the uncertainties that exist as to Apollo's citizenship as a corporation in favor of remand.

### B. Jurisdictional Analysis – LLC

The Court next analyzes Apollo's citizenship on the assumption that its organizational form is comparable to an LLC.[3] From this perspective, defendants'

---

[3] A jurisdictional analysis of a foreign entity's citizenship is governed by federal law. *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 98-99 (2002) ("While it is perfectly true that 'every independent nation [has the inherent right] to determine for itself ... what classes of persons shall be entitled to its citizenship,' our jurisdictional concern here is with the meaning of 'citizen' and 'subject' as those terms are used in § 1332(a)(2)." (quoting *United States v. Wong Kim Ark,* 169 U.S. 649, 668 (1898)). Relevant characteristics common to LLCs include a corporate-style liability shield limiting each member's liability, governance through adopted by-laws, and the option for members to manage the entity. Additionally, although a member can transfer shares, a transferee is statutorily restricted from participating in the management of the entity. *In re Abbale*, 475 B.R. 334, 340 (Bankr. E.D.N.Y 2012) (quoting New York LLC statute, "an assignment of a membership interest does not . . . entitle the assigneee to participate in the management and affairs of the limited liability company"); *In re Albright*, 291 B.R. 538, 540 (Bankr. D. Colo. 2003) ("the [Colorado] Limited Liability Company Act requires the unanimous consent of 'other members' in order to allow a transferee to participate in the management of the LLC").
    Plaintiffs cite to the Luxembourg Law Digest, which describes a S.A.R.L. as a limited liability company where the number of partners is limited to 40, "partners' liability is limited to amount of their investment," and managers responsible for running the company need not be members. Bonn Schmitt Steichen, *Luxembourg Law Digest* LUX - 2 (2007) [Docket No. 29-1 at 4]. Additionally, shares are personal and several conditions are placed on the transfer of shares. *Id.*

7

allegations are insufficient.  Defendants fail to affirmatively assert the number or citizenship of Apollo's members.  Moreover, defendants fail to explain whether Apollo's shareholders are its "members" for purposes of the LLC analysis.  The remaining jurisdictional allegations are irrelevant.  Defendants' claim that Apollo is not licensed to conduct business in Colorado is irrelevant to determining the citizenship of an LLC, as are defendants' assertions concerning Apollo's principal place of business and country of origin.  Docket No. 35 at 5; *see U.S. Advisor*, *LLC*, 2009 WL 2055206, at *2.  Even the assertion that Apollo's "managers are domiciled in Luxembourg" does not aid defendants' argument.  *Id.*   Defendants do not attempt to equate Apollo's managers and members, and therefore the citizenship of an LLC's managers is not relevant.  Moreover, stating that "Apollo . . . does not have shareholders or managers that are citizens of Colorado," *id.*, is insufficient where a party asserting diversity jurisdiction is required to affirmatively assert the citizenship of the parties.  *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("That [defendant] is a citizen of Rhode Island and that [plaintiff] is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a Court of the United States.'" (quoting *Cameron v. Hodges*, 127 U.S. 322, 324 (1888))).  Accordingly, the Court finds that defendants have failed to show the citizenship of Apollo's members and, as such, have not fully shown the citizenship of Sunrise.  Thus, the Court resolves the uncertainty in favor of remand.

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that plaintiffs' Motion for Remand [Docket No. 29] is **GRANTED** and this case is remanded pursuant to 28 U.S.C. § 1447(c) to the District Court of Boulder County, Colorado where it was filed as Civil Case No. 2013CV031044.

DATED December 9, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge